UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN LEFLER,<br><br>Plaintiff,<br><br>vs.<br><br>ONEMAIN FINANCIAL; and DOES 1 through 10, inclusive,<br><br>Defendants. | **Civil Action No.:**<br><br>**Judge:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff John Lefler, an individual consumer, against defendant OneMain Financial, for violations of Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter "TCPA"), and also out of the invasions of Plaintiff's personal privacy by this Defendant and its agents in its illegal efforts to collect an alleged consumer debt from Plaintiff.

### JURISDICTION

2. Jurisdiction of this court arises under 47 U.S.C. § 227 et seq., and 28 U.S.C. § 1331 and 1337. Venue in this District is proper in that the

1

Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff, John Lefler, is a consumer, a natural person allegedly obligated to pay any debt, residing in Rapides Parish, in the state of Louisiana.

4. Defendant, OneMain Financial is a company engaged in the business of collecting debt in this state with its principal place of business located at 300 St. Paul Place, Baltimore, Maryland 21202. Defendant provides lending services in this state.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to it.

## FACTUAL ALLEGATIONS

6. Upon information and belief, within one year prior to the filing of this complaint, Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

7. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which

the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff prior to December 20, 2012, seeking and demanding payment for an alleged consumer debt.

9. Upon information and belief, within one year prior to the filing of this complaint, Defendant called Plaintiff using an automatic telephone dialing system as defined under 47 U.S.C. § 227 (a)(1)(A)and(B) on numerous occasions, without Plaintiff's consent, after Plaintiff already told Defendants not to call Plaintiff while Defendants had reason to know such calls inconvenienced Plaintiff, and that Defendants had other means by which to contact Plaintiff. Defendant's continued illegal calls were not made for emergency purposes.

10. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in Plaintiff feeling stressed, frustrated, and angered, amongst other negative emotions.

## **FIRST CLAIM FOR RELIEF**
*Violation of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227 et seq.*

11. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12. The foregoing acts and omissions of each individual Defendant and their agents constitute numerous and multiple violations of the TCPA including, but not limited to, each and every one of the provisions of the TCPA, 47 U.S.C. § 227 et seq., cited above, and below, with respect to Plaintiff:

   (a) Defendant violated TCPA § 227b(1)(A)(iii) by calling Plaintiff using an automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's cellular telephone service, without Plaintiff's express consent, as Plaintiff's told Defendants not to call Plaintiff anymore.

13. As a result of the foregoing violations of the TCPA, Defendants are liable to the plaintiff John Lefler for actual damages pursuant to 47 U.S.C. § 227, statutory damages in an amount up to $500.00 for each violation of the TCPA pursuant to 47 U.S.C. § 227, treble damages pursuant to 47 U.S.C. § 227, and reasonable costs and attorney fees pursuant to 47 U.S.C. § 227, from each Defendant herein.

## SECOND CLAIM FOR RELIEF
*Invasion Of Privacy By Intrusion Upon Seclusion*

14. Plaintiff John Lefler repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Telephone Consumer Protection Act, when it stated as part of its findings:

> In implementing the requirements of this subsection, the Commission may, by rule or order, exempt from the requirements of paragraph (1)(B) of this subsection, subject to such conditions as the Commission may prescribe such classes or categories of calls made for commercial purposes as the Commission determines **will not adversely affect the privacy rights that this section is intended to protect[.]"**

47 U.S.C. § 227(2)(B)(ii)(I) (emphasis added).

16. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including creditors that try to collect on debts owed to them, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

17. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

18. Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully contacting Plaintiff's cell phone using an automatic telephone dialing system, after Plaintiff had already told Defendants not to call Plaintiff, and thereby invaded Plaintiff's right to privacy.

19. Defendant and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

20. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

21. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which

occurred in a way that would be highly offensive to a reasonable person in that position.

22. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

23. As a result of such intrusions and invasions of privacy, Defendant is liable to Plaintiff for actual damages in an amount to be determined at trial from each and every Defendant.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against defendant OneMain Financial, for the following:

- A. Actual damages from Defendant pursuant to 47 U.S.C. § 227 for the emotional distress suffered as a result of the intentional and/or negligent TCPA violations, and from Defendant for intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and
- B. Statutory damages pursuant to 47 U.S.C. § 227; and
- C. Punitive damages; and
- D. Compensatory damages; and
- E. Treble damages; and
- F. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that plaintiff John Lefler demands trial by jury in this action.

DATED this 20th day of February, 2013.

                              RESPECTFULLY SUBMITTED,

                              By: /s/ Nicholas M. Graphia
                              Nicholas M. Graphia (Bar No. 33159)
                              Law Office of Nicholas Graphia, LLC
                              767 Florence Street
                              Baton Rouge, LA 70806
                              Phone: (225) 955-4266
                              Fax: (888) 909-6892
                              Email:
                              nicholas.graphia.law@gmail.com