RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/9/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JOHN LEFLER

VERSUS

ONE MAIN FINANCIAL, ET AL

DOCKET NO. 1:13-cv-0371

JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the court is defendants' motion to dismiss or, alternatively, motion to stay proceedings pending arbitration (Doc. 6). The motion has been referred to me for report and recommendation by order of the district judge on June 18, 2013.

### Factual Background

In May 2011, plaintiff, John Lefler ("Lefler"), and CitiFinancial, Inc. entered into a loan agreement and an Arbitration Agreement (Doc. 6-2). Sometime between May 2011 and December 2012, OneMain Financial, as a successor-in-interest to Citifinancial, Inc., began attempts to collect the outstanding balance on the loan. OneMain Financial placed calls to Lefler at the telephone number he provided on loan documents. That telephone number was associated with his cell phone.

On February 20, 2013, Lefler filed a complaint (Doc. 1) against OneMain Financial and Does 1 though 10 alleging defendants violated the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. and invaded his privacy. Lefler contends that OneMain Financial began calling him and demanding payment for a consumer

debt. He further alleges that defendants called him using an automated telephone dialing system without his consent and despite telling defendants not to call. As a result of the calls, Lefler claims to have suffered emotional distress. He seeks monetary damages, punitive damages, reasonable attorney's fees and costs and all other relief which the court may deem proper.

On May 6, 2013, OneMain Financial filed a motion to dismiss or, in the alternative, a motion to stay the proceedings pending arbitration (Doc. 6). Lefler filed his objection on May 24, 2013, (Doc. 10) and OneMain Financial responded thereto on May 31, 2013 (Doc. 15).

## Law and Analysis

Though the motion before the court is styled as a motion to dismiss or, alternatively, a motion to stay proceedings pending arbitration, neither party asserts a legal argument in favor of dismissal. Accordingly, I will address the arguments asserted in favor and in opposition of the motion to stay.

The Federal Arbitration Act clearly requires courts to direct parties to arbitrate when there is a valid arbitration agreement.

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in

proceeding with such arbitration. 9 U.S.C. §3. Before the court can be "satisfied" that arbitration is the proper venue for the matter, it must engage in a detailed analysis.

The court must first determine whether the parties agreed to arbitration. That determination is made by examining whether the agreement is valid and whether the dispute falls within the scope of the agreement. <u>JP Morgan Chase & Co. v. Conegie ex rel. Lee</u>, 492 F.3d 596, 598 (5th Cir. 2007). If the court concludes the parties agreed to arbitrate, it must then determine if there are any legal constraints that would preclude enforcement of the agreement. <u>Mitsubishi Motors Corp. v. Solar Chrysler-Plymouth, Inc.</u>, 473 U.S. 614, 646 (1985). See also <u>Woodmen of the World Insurance Society v. JRY</u>, 320 Fed.Appx. 216 (5th Cir. 2009). That is, it must decide whether a federal statute or policy renders the claims nonarbitrable." <u>Conegie</u>, 492 F.3d at 598.

Lefler does not contend he did not enter into the Arbitration Agreement with Citifinancial, Inc. Rather, he argues OneMain Financial is not a party to that agreement and that it "has not provided any legal support for why th[e] right of arbitration should run to it as a successor-in-interest." (Doc. 10, p. 3).

There is no doubt that OneMain Financial is a successor-in-interest to Citifinancial, Inc. Not only is that fact set forth in OneMain Financial's Corporate Disclosure Statement (Doc. 7) but

3

Lefler acknowledges the same in the aforementioned statement.

As a successor, OneMain Financial is considered a party to the Arbitration Agreement per the terms of the contract.

> "We" or "Us" or "Our" means the Lender under the Note listed above [Citifinancial, Inc.], its past, present or future respective parents, subsidiaries, affiliates, predecessors, assignees, successors, and their respective employees, agents, directors and officers (whether acting in their corporate or individual capacity).

(Doc. 6-2). Thus, Lefler's contention that OneMain Financial is not a party and cannot enforce the terms of the contract lacks merit.

Lefler also contends his claims are not within the scope of the Arbitration Agreement because they arise in tort, not contract. He claims "the contractual clause in question mentions credit transactions almost exclusively thereby evidencing it was not intended to apply to this type of tort-related claim." (Doc. 10, p.1). The contract clause in question provides:

> A Claim includes, without limitation, anything related to:
>
> This Note, this Agreement, or the enforceability of any Claim pursuant to this Agreement, including but not limited to the scope of this Agreement and any defenses or enforcement of the Note or this Agreement;
>
> Any Credit Transaction;
>
> Any past, present, or future insurance, service, or other product that is offered or purchased in connection with a Credit Transaction;
>
> Any documents or instruments that contain information about any Credit Transaction, insurance, Service, or product;

>  Any act or omission by any of Us;
>
>  Fraud or misrepresentation, including claims for failing to disclose material facts;
>
>  Any federal or state statute or regulation, or any alleged violation thereof, including without limitation insurance, usury or lending laws;
>
>  Any party's execution of this Agreement and/or willingness to be bound by its terms and provisions; or Any dispute about closing, servicing, collecting, or enforcing a Credit Transaction.

This clause is incredibly broad in that it covers "anything related to this Note" and "anything related to any federal or state statute of regulation". The lawsuit is a claim arising out alleged violations of the Telephone Consumer Protection Act and the calls that were made related to Lefler's failure to comply with the terms of the loan agreement ("the Note"). Accordingly, Lefler's contention that his suit does not fall within the scope of the Arbitration Agreement lacks merit. Thus, I find the parties agreed to arbitration and the first part of the inquiry is satisfied.

The second part of the inquiry is whether external legal constraints preclude application of the arbitration clause. As neither party argues legal constraints exist, I recommend the matter be referred to arbitration and this case be stayed pending the outcome of that proceeding.

<u>Conclusion</u>

**IT IS HEREBY RECOMMENDED** that defendants' motion to dismiss and in the alternative, motion to stay (Doc. 6) be **DENIED INSOFAR**

**AS** the motion to dismiss **and** the motion to stay be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the parties be **ORDERED** to proceed to arbitration.

Under the provisions of 28 U.S.C. Section 636(b)(1)© and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 9th day of September, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

6